## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
### At Kansas City

| | |
|---|---|
| Kevin YORK, | ) |
| | ) |
|       Plaintiff, | ) Case No: 2:23-CV-02433 |
| | ) |
| v. | ) |
| | ) |
| PENTAIR WATER POOL & SPA, INC. | ) |
| | ) |
| *Service via Certified Mail to* | ) |
| Minnesota Registered Agent: | ) |
| Corporation Service Company | ) |
| 2345 Rice Street | ) |
| Suite 230 | ) |
| Roseville, Minnesota 55113 | ) |

### COMPLAINT

COMES NOW Plaintiff Kevin York, by and through his attorneys, Votava Nantz & Johnson, LLC, and pursuant to the Federal Rules of Civil Procedure state the following for his Complaint:

### Parties

1. At all times relevant, Plaintiff Kevin York resided at 21025 W. 105th Street, Olathe, Kansas.  Plaintiff Kevin York is a citizen of Johnson County, Kansas.

2. Defendant Pentair Pool & Spa, Inc. (hereinafter referred to as "Pentair") is a Delaware Corporation not registered to conduct business in the State of Kansas, has its principal place of business in Minneapolis, Minnesota, is a citizen of of the State of Minnesota and may be served at 2345 Rice Street, Suite 230, Roseville, Minnesota 55113.

### Jurisdiction and Venue

3. Jurisdiction in this Court is proper under 28 U.S.C. §1332(a)(1) in that there exists

complete diversity of citizenship between plaintiff and defendants and the amount in controversy

exceeds $75,000.00, exclusive of interest and costs.

4.   Defendants are subject to the jurisdiction of this Court pursuant to K.S.A. § 60-308 through

transaction of business, making of contracts and commission of tortious acts in the State of Kansas.

5.    Defendant is subject to the general jurisdiction of this Court in that they have

substantial, continuous and systematic contacts with the State of Kansas through the marketing

distribution and sale of their services and products within the State of Kansas.  Furthermore, they

regularly sell their services in Kansas and maintain business relationships with businesses in

Kansas.  Defendants are, therefore, subject to the jurisdiction of this Court and legally responsible

for any judgment entered against them.

6.   Venue in this Court is proper under 28 U.S.C. §1391(b)(2) in that a substantial part of the

events or omissions giving rise to plaintiff's claims occurred in Johnson County, Kansas which

lies in this district.

**Facts Common to All Counts**

7.   Plaintiff incorporates by reference each and every preceding allegation as if they were

fully stated herein.

8.   On or about September 20, 2022, Plaintiff suffered personal injuries to both of his arms

when a Pentair Clean and Clear Plus pool filter unexpectedly exploded at a residence located in

Prairie Village, Kansas.

9.   Upon information and belief, the Pentair Clean and Clear Plus" is a pool filter designed,

manufactured, marketed, sold, distributed and/or otherwise placed into the stream of commerce by

Defendant Pentair. (hereinafter the "Pool Filter")

10. The Pool Filter was less than a year old and recently installed before the explosion incident

alleged herein.

11. At all times relevant and prior to the explosion alleged herein, Plaintiff followed all the steps necessary to properly use Defendant's Pool Filter and was not misusing the Pool Filter.

12.  At all times relevant and prior to the explosion alleged herein, Plaintiff was using the Pool Filter as expected, intended and reasonably foreseen by Defendant Pentair.

13. Defendant is a Product Seller as defined by K.S.A. § 60-3302(a).

14. Defendant is a Manufacturer as defined by K.S.A. § 60-3302(b).

15. At all times relevant, Defendant Pentair knew that there was an inherent danger of the Pool Filter exploding when it was used as anticipated and expected by Plaintiff and others.

16. At all times relevant, Defendant Pentair knew or should have known the designed mechanisms intended to secure the lid of the Pool Filter for safe use were subject to unexpected separation and explosion despite seemingly secure installation and use by a prudent and careful user of the same.

17.   At all times relevant, Defendant Pentair placed the Pool Filter into the stream of commerce knowing it lacked state of the art technology that was well-known and generally accepted by the pool industry and would eliminate the danger of the Pool Filter unexpectedly exploding in the manner that resulted in injury to Plaintiff.

**COUNT I-STRICT LIABILITY**

18. Plaintiff incorporates by reference each and every preceding allegation as if they were fully stated herein.

19. Defendant Pentair's Pool Filter was unreasonably dangerous and defective in design, testing, manufacturing, instructing and warning persons who were expected, anticipated and reasonably foreseeable users in one or more of the following respects:

3

a. Failing to design the Pool Filter in a manner that would ensure the filter lid mechanism was safe, secure and free of unexpected danger of separation from pressurization and explosion;

b. Failing to design the Pool Filter in a manner that does not mislead expected and reasonably foreseen users into thinking the filter lid mechanism was installed correctly, safe, secure and free from unexpected danger of separation from pressurization and explosion;

c. Failing to design the Pool Filter with a mechanism that would adequately notify and/or instruct expected and reasonably foreseen users that its filter lid was not properly secured, in danger of separation from pressurization and explosion;

d. Failing to adequately warn and/or instruct Plaintiff and others on the proper methods for correctly installing and securing the Pool Filter lid so that expected and reasonably foreseen users were safe, secure and free from unexpected danger of separation from pressurization and explosion;

e. Failing to adequately warn and/or instruct Plaintiff and others on the proper methods for troubleshooting and/or identifying the incorrect, incomplete or unsafe installation of the Pool Filter lid so that expected and reasonably foreseen users could adequately protect from unexpected danger of separation from pressurization and explosion.

20. The Pool Filter was in a defective condition at the time it left the control of Defendant Pentair.

21. The Pool Filter was expected and anticipated to reach Plaintiff and other users without

substantial change in the condition in which it was manufactured, sold and placed in the stream of commerce.

22. As a direct and proximate result of Defendant Pentair's defective Pool Filter, Plaintiff suffered serious, permanent, disabling and life-changing physical injuries.

23. As a direct and proximate result of Defendant Pentair's defective Pool Filter, Plaintiff endured extensive pain and suffering, continues to have pain and suffering and will likely have pain and suffering in the future.

24. As a direct and proximate result of Defendant Pentair's defective Pool Filter, Plaintiff endured and continues to endure substantial mental anguish and distress.

25. As a direct and proximate result of Defendant Pentair's defective Pool Filter, Plaintiff incurred substantial healthcare expense and other economic losses.

## COUNT II-BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

26. Plaintiff incorporates by reference each and every preceding allegation as if they were fully stated herein.

27. Defendant Pentair sold the Pool Filter in the regular course of business.

28. The Pool Filter was in a defective condition at the time it left Defendant Pentair's possession and/or control.

29. At the time it was sold to by Defendant Pentair, the Pool Filter was not fit for its ordinary purpose due to design defects and inadequate warnings and/or instructions to make normal and expected use reasonable safe in the installation of the pressurized lid during expected and foreseeable removals of said lid for cartridge replacement or other reasonably foreseeable reasons.

30. Plaintiff York was an expected user of the Pool Filter and due to previously alleged defects

in conjunction with foreseeable circumstances, Defendant Pentair knew that it would expose Plaintiff and others to injury or death.

31. As a direct and proximate result of Defendant Pentair's Pool Filter being unfit, Plaintiff suffered serious, permanent, disabling and life-changing physical injuries.

32. As a direct and proximate result of Defendant Pentair's defective Pool Filter being unfit, Plaintiff endured extensive pain and suffering, continues to have pain and suffering and will likely have pain and suffering in the future.

33. As a direct and proximate result of Defendant Pentair's defective Pool Filter being unfit, Plaintiff endured and continues to endure substantial mental anguish and distress.

34. As a direct and proximate result of Defendant Pentair's defective Pool Filter being unfit, Plaintiff incurred substantial healthcare expense and other economic losses.

## COUNT III-NEGIGENCE

35. Plaintiff incorporates by reference each and every preceding allegation as if they were fully stated herein.

36. Defendant owed a duty to Plaintiff and others to exercise ordinary and reasonable care in the designing, inspecting, testing, manufacturing, warning, instructing, advertising, distributing, and selling the Pool Filter.

37. Defendant breached its duty and was thereby negligent because failed to design, warn and/or adequately instruct how to safely use the Pool Filter in one or more of the following ways:

    a.  Failing to design the Pool Filter in a manner that would ensure the filter lid mechanism was safe, secure and free of unexpected danger of separation from pressurization and explosion;

b. Failing to design the Pool Filter in a manner that does not mislead expected and reasonably foreseen users into thinking the filter lid mechanism was installed correctly, safe, secure and free from unexpected danger of separation from pressurization and explosion;

c. Failing to design the Pool Filter with a mechanism that would adequately notify and/or instruct expected and reasonably foreseen users that its filter lid was not properly secured, in danger of separation from pressurization and explosion;

d. Failing to adequately warn and/or instruct Plaintiff and others on the proper methods for correctly installing and securing the Pool Filter lid so that expected and reasonably foreseen users were safe, secure and free from unexpected danger of separation from pressurization and explosion;

e. Failing to adequately warn and/or instruct Plaintiff and others on the proper methods for troubleshooting and/or identifying the incorrect, incomplete or unsafe installation of the Pool Filter lid so that expected and reasonably foreseen users could adequately protect from unexpected danger of separation from pressurization and explosion.

38. As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious, permanent, disabling and life-changing physical injuries.

39. As a direct and proximate result of Defendant Pentair's negligence, Plaintiff endured extensive pain and suffering, continues to have pain and suffering and will likely have pain and suffering in the future.

40. As a direct and proximate result of Defendant Pentair's negligence, Plaintiff endured and continues to endure substantial mental anguish and distress.

41. As a direct and proximate result of Defendant Pentair's negligence Plaintiff incurred substantial healthcare expense and other economic losses.

WHEREFORE, Plaintiff Kevin York prays for judgment in his favor and against Defendant Pentair Water Pool & Spa, Inc., for compensatory damages in excess of $75,000.00, for post-judgment interest, taxable court costs and any other remedy as this Court deems appropriate.

**PLAINITFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,

/s/Andrew J. Nantz
Andrew J. Nantz, KS 19716
Votava Nantz & Johnson, LLC
9237 Ward Parkway
Suite 100
Kansas City, Missouri 64114
(816) 895-8806
(816) 895-8801 (fax)
Andrew@vnjlaw.com

ATTORNEY FOR PLAINTIFF